Alonzo PERRY, Appellant,

v.

Dr. P. J. CICCONE, Director, United States Medical Center for Federal Prisoners, Appellee.

Ariel Nicholas ARENADO, Appellant,

v.

Dr. P. J. CICCONE, Director, United States Medical Center for Federal Prisoners, Appellee.

Nos. 74–1123, 73–1847.

United States Court of Appeals, Eighth Circuit.

Submitted May 15, 1974.

Decided July 23, 1974.

Raymond C. Conrad, Jr., Springfield, Mo., for appellant.

Anthony P. Nugent, Jr., Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, BRIGHT, Circuit Judge, and TALBOT SMITH, Senior District Judge.*

VAN OOSTERHOUT, Senior Circuit Judge.

Petitioners Perry and Arenado have taken timely appeals from orders of the district court denying that portion of their petitions for habeas corpus wherein they seek relief in the form of having their eligibility for parole established.[1] The dispositive issue presented by these consolidated appeals is whether narcotic offenders sentenced pursuant to 26 U.S. C. § 7237(d) to mandatory minimum terms not subject to parole are made eligible for parole by the repeal of § 7237(d) by the Comprehensive Drug Abuse Prevention and Control Act of 1970, 84 Stat. 1292, effective May 1, 1971.

The Supreme Court in Warden v. Marrero, —— U.S. ——, 94 S.Ct. 2532, 41 L.Ed.2d 383 (1974), has resolved the conflict heretofore existing among the circuits on this issue. The Supreme Court clearly held that with respect to sentences imposed prior to May 1, 1971, the parole prohibitions of 26 U.S.C. § 7237(d) remain operative and effective. For reasons fully set out and explained in its opinion, the Supreme Court held that § 1103(a) of the Comprehensive Drug Abuse Prevention and Control Act of 1970 and 1 U.S.C. § 109 require such result.

Arenado was convicted by a jury on a charge of violating 26 U.S.C. § 4705(a) and sentenced to ten-years imprisonment

---

* TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation.

1. The trial court in each case ordered the warden to provide petitioner with requisite forms for application for consideration or reconsideration for parole and to render assistance in preparing, mailing and filing such applications. The warden has complied with such order. No appeal has been taken from this part of the order.

on June 5, 1969. His conviction on such charge was affirmed. United States v. Vigo (Arenado), 435 F.2d 1347, 1352 (5th Cir. 1970).

Perry, upon a plea of guilty, was sentenced on November 30, 1971, to five-years imprisonment for violation of 21 U.S.C. § 174, for a crime committed prior to May 1, 1971.

Section 7237(d) makes parole unavailable to persons convicted under certain statutes including 26 U.S.C. § 4705(a) and 21 U.S.C. § 174. The trial court in Perry denied availability for parole upon the basis that such issue had not been properly raised. In Arenado the court in its opinion determined that under the law in this circuit petitioner's claim for a right to release on parole must be denied. The court in the course of its opinion called attention to the conflicting authorities on the issue here under consideration and required that petitioner be aided in filing application for reconsideration of parole "until the Court of Appeals for the Eighth Circuit or the United States Supreme Court determines petitioner cannot be considered eligible for parole." The petition was denied in all other respects. The provisions permitting petitioners to continue to apply for parole were no doubt due to the conflict among the circuits on this issue. Such conflicting authorities are set out in footnote 7 of *Marrero*.

Under the clear holding of *Marrero* neither petitioner is entitled to consideration for parole. Parole as to them is barred by § 7237(d). The trial court dismissed each petition to the extent it sought to have parole eligibility favorably determined. In light of the Supreme Court's holding in *Marrero*, the judgment of the trial court in each of the cases before us is modified to reflect that the cases are dismissed on the ground that the record conclusively shows that the petitioners are not entitled to consideration for parole, and as so modified, the judgments are affirmed.